In the Matter of BEST RE–MANUFACTURING CO., Debtor.

Don ROTHMAN, Receiver, Appellant,

v.

The PACIFIC TELEPHONE AND TELEGRAPH COMPANY, Petitioner, Appellee.

No. 26738.

United States Court of Appeals, Ninth Circuit.

Dec. 8, 1971.

Richard F. Broude (argued) and Nathan Markowitz, of Gendel Raskoff, Shapiro & Quittner, Los Angeles, Cal., for appellant.

Richard D. DeLuce (argued) of Lawler, Felix & Hall, Los Angeles, Cal., for appellee.

Before BARNES and MERRILL, Circuit Judges, and CROCKER, District Judge *.

PER CURIAM:

The question here presented is whether, in arrangement proceedings under Chapter XI of the Bankruptcy Act (§§ 301–399), 11 U.S.C. 701–799, Pacific Telephone and Telegraph Company can summarily be ordered to provide service to the receiver under the telephone number currently being used by the debtor. The Referee refused to enter such an order and, on petition for review, the District Court affirmed. This appeal was then taken. We affirm.

The Telephone Company is perfectly willing to provide service to the debtor under a new number and has, indeed, submitted without opposition to an order that it do so. It rebels, however, against having to provide service under the old number until satisfactory arrangements have been made for taking care of sums owing to it by the debtor.

Rules and regulations respecting the telephone company as filed with the Public Utilities Commission of the State of California support the telephone company. They deal with conditions under which a new customer (here the receiver) may "supersede the service of a subscriber discontinuing that service." This may be done "where an arrangement acceptable to the company is made to pay outstanding charges against the service."

The receiver protests that continuation of debtor's old telephone number is of vital importance to the debtor's arrangement, as the greater part of its business is initiated by telephone calls; that to submit to the telephone company's "supersedure" requirements is to permit it to coerce preferential treatment of the debt owing to it by the debtor.

The telephone company responds that the Bankruptcy Court is without summary jurisdiction to act in this matter, since the dispute does not involve property of the debtor in possession of the receiver, and resolution of the dispute, accordingly, must be by plenary action.

Such was the holding in Slenderella Systems of Berkeley, Inc. v. Pacific Telephone and Telegraph Co., 286 F.2d 488 (2d Cir. 1960), a case involving the same telephone company and the same rules and regulations. There the court concluded that the old telephone number did not itself constitute property (the existence of any property right in a number is denied by applicable rules and

---

* Honorable M. D. Crocker, United States District Judge for the Eastern District of California, sitting by designation.

regulations); that right to the number was not "possessed" by the debtor so as to give summary jurisdiction to protect possession;[1] that even if a contract right to continued service might arguably exist, a dispute as to the extent of contract obligations must be resolved by plenary action.[2]

We agree with this analysis of the limits of summary jurisdiction.

Judgment affirmed.

---

1. We are not called upon to decide whether "posession" or "ownership" or both suffice to predicate summary jurisdiction in Chapter XI. See 8 Collier 166–182. *See also*, In Re Barasch, 439 F.2d 1393 (9th Cir. 1971). In the instant case, debtor had neither "possession" (actual or constructive) nor "ownership" of the telephone number.

2. The fact that the telephone company is a public utility does not alter this conclusion. Such only implies that contracts with the company are regulated by public authority.