In re PERSONAL COMPUTER NETWORK, INC., an Illinois corporation.

DIRECTIONAL INTERNATIONAL, LTD., Access Microcenters, Inc., and the New Personal Computer Network, Inc., Plaintiffs,

v.

ILLINOIS BELL TELEPHONE COMPANY, Defendant.

No. 88 C 4928.

United States District Court, N.D. Illinois, E.D.

July 27, 1988.

Charles S. Stahl, Arvey, Hodes, Costello & Burman, Chicago, Ill., for plaintiffs.

L. Bow Pritchett, Ronald E. Cundiff, Patricia Berlum, Illinois Bell Telephone Co., Kate Poverman, Sidley & Austin, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Illinois Bell Telephone Company, defendant in an adversary proceeding in the Bankruptcy Court, (Case No. 87 B 1223) has moved pursuant to 28 U.S.C. § 158(a) and Rules 8001 and 8003 of the Federal Bankruptcy Rules for leave to appeal from an order of the Bankruptcy Court dated May 12, 1988, 85 B.R. 507. The factual background of the case, necessary for an understanding of the questions to be presented by the appeal, is as follows:

In November, 1987, plaintiffs Directional International, Ltd., Access Microcenters, Inc. and The New Personal Computer Network Computer, Inc. purchased substantially all of the assets of a Chapter 11 debtor-in-possession, Personal Computer Network, Inc. (the "Debtor"). The purchase was made pursuant to an order of the Bankruptcy Court entered on October 30, 1987 (the "Sale Order"). Specifically included in the assets purchased by plaintiffs were all of the Debtor's telephone numbers. The Sale Order also provided that all of the Debtor's rights, titles and interests in and to the property sold were to be transferred and conveyed to the plaintiffs free and clear of all claims, demands, liens and encumbrances with the same to attach to the proceeds of the sale pending further order of the Bankruptcy Court.

Plaintiff informed Illinois Bell that it wished to retain the same telephone numbers from the Debtor's telephone accounts. Illinois Bell stated that in order to do so, plaintiffs would be required to assume responsibility for all outstanding unpaid charges associated with the debtor's telephone accounts. If plaintiffs did not pay for the pre-petition charges incurred by the Debtor, Illinois Bell stated that the telephone numbers would be disconnected. Although Illinois Bell offered to open new accounts for plaintiffs with new telephone numbers, plaintiffs claim that this solution would be worthless because the Debtor's telephone numbers are needed to operate their business. Plaintiffs contend that their business is based on catalog sales, at

least 90% of which are generated by telephone, and that they and the Debtor had invested hundreds of thousands of dollars in advertising the existing telephone numbers.

Plaintiffs filed an adversary complaint based on the Sale Order, seeking to enjoin Illinois Bell from disconnecting service on the "purchased" telephone numbers on the basis of outstanding charges incurred by the Debtor. Plaintiffs take the position that Illinois Bell's claim is either a general unsecured claim against the Debtor and its estate, or a claim which attaches to the proceeds of sale pursuant to the Sale Order.

Illinois Bell moved to dismiss the complaint, arguing that, pursuant to tariffs filed by the Interstate Commerce Commission, telephone subscribers technically have no property rights to their telephone numbers. Because of this, Illinois Bell argued, the telephone numbers did not constitute property of the Debtor's estate and were never "assets" that could be sold to plaintiffs in the first place. Thus, Illinois Bell claimed, the adversary action did not constitute a "core" proceeding under 28 U.S.C. § 157 (or an "otherwise related" proceeding), and the Bankruptcy Court lacked jurisdiction (such jurisdiction rather lying with the Illinois Commerce Commission). Illinois Bell also took the position that even assuming the complaint was subject to the jurisdiction of the Bankruptcy Court, it failed to state a claim upon which relief could be granted.

The Bankruptcy Court denied Illinois Bell's motion to dismiss, relying on two cases which specifically hold that telephone numbers are to be considered property of a debtor's estate over which the Bankruptcy Court has jurisdiction. *In re Fontainebleau Hotel Corp.*, 508 F.2d 1056 (5th Cir. 1975); *In re Kassuba*, 396 F.Supp. 324 (N.D.Ill.1975). The Bankruptcy Court also denied Illinois Bell's motion to the extent that it requested entry of summary judgment in its favor for failure to state a claim. The Court directed Illinois Bell to file its answer to the complaint within 30 days.

Illinois Bell now seeks to appeal this decision, arguing that the two cases relied on by the Bankruptcy Court are distinguishable in that they involved situations where telephone companies sought to change the telephone numbers of *debtors* as a means of collecting their pre-petition debt. Illinois Bell argues that this case, by contrast, involves not the Debtor, but merely "strangers" to the estate (since neither plaintiffs nor Illinois Bell are the trustees or the Debtor). Plaintiffs argue that neither they nor Illinois Bell are strangers to the estate, since they are the purchasers of the Debtor's assets and since Illinois Bell is a creditor with unsecured and administrative claims against the estate.

The legal questions presented by the appeal are framed differently by each of the parties. Illinois Bell characterizes the issues as follows:

(1) Is a matter involving two strangers to the bankrupt's estate, and which does not involve funds that come from the bankrupt's estate, a "core" proceeding for jurisdictional purposes under 28 U.S.C. § 157(b)(2) or even an "otherwise related" proceeding under 28 U.S.C. § 157(b)(3)?

(2) Can a bankrupt entity sell property it does not own to a solvent third party, and can that solvent third party utilize the protection of the Bankruptcy Court to obtain rights to such property?

Plaintiffs, on the other hand, state that the questions to be decided are as follows:

(1) Are telephone numbers utilized in the business of a debtor-in-possession property of the debtor's estate?

(2) Does the Bankruptcy Court have jurisdiction over a dispute between a purchaser of assets from the estate and a creditor of the estate which depends in part on enforcement of the Bankruptcy Court's own order and the resolution of which will have an effect on the estate?

The order of the Bankruptcy Court directs Illinois Bell to file an answer to the complaint in 30 days and is merely interlocutory in nature. Illinois Bell has not demonstrated that there is any reason why the resolution of this dispute should be treated

as an emergency. Entertaining the appeal is not likely to contribute to efficiency or to accelerate the ultimate resolution of this matter. The motion for leave to file this interlocutory appeal is therefore denied.

IT IS THEREFORE ORDERED that Illinois Bell's motion for leave to appeal is denied.