**In re PERSONAL COMPUTER NETWORK, INC., an Illinois corporation, Debtor.**

**DIRECTIONAL INTERNATIONAL, LTD., Access Microcenters, Inc. and the New Personal Computer Network, Inc., Plaintiffs–Appellees,**

v.

**ILLINOIS BELL TELEPHONE COMPANY, Defendant–Appellant.**

**Nos. 88 C 10091, 87 B 7306 and 87 A 1223.**

United States District Court, N.D. Illinois, E.D.

March 28, 1989.

Robert B. Chatz, John W. Costello, Charles S. Stahl, Jr., James T. Arvey, Michael R. Enright, Michael M. Eidelman, Arvey, Hodes, Costello & Burman, Chicago, Ill., for plaintiffs-appellees.

L. Bow Pritchett and Ronald E. Cundiff, Chicago, Ill., for defendant-appellant.

ORDER

BUA, District Judge.

Pursuant to 28 U.S.C. § 158(a), appellant Illinois Bell Telephone Company ("Illinois Bell") appeals the final order entered by the bankruptcy court in this adversary proceeding on October 12, 1988. In that ruling, the bankruptcy court granted summary judgment to appellees Directional International, Ltd.; Access Microcenters, Inc.; and the New Personal Computer Network, Inc. (collectively, "D.I."). For the reasons stated herein, the decision of the bankruptcy court is affirmed.

FACTS AND PROCEDURAL HISTORY

The underlying bankruptcy matter to which this adversary proceeding is allegedly related[1] began when Personal Computer Network, Inc. ("PC Network") filed a voluntary Chapter 11 petition in bankruptcy. Shortly after PC Network filed its petition, D.I. made an offer to purchase substantially all of PC Network's assets. At the time, PC Network was operating its business as a debtor-in-possession. On October 30, 1987, Chief Bankruptcy Judge John D. Schwartz approved the sale proposed by D.I. In its order, the bankruptcy court declared that D.I. purchased PC Network's assets "free and clear of all liens,

---

1. On appeal, Illinois Bell challenges the jurisdiction of the bankruptcy court by arguing that this adversary proceeding is not, in fact, "related to"

claims, interests and encumbrances." [2] Specifically included in the list of PC Network's assets sold to D.I. were PC Network's telephone numbers, both long distance and local. After the sale, D.I., using the name "The New Personal Computer Network, Inc.," began operating the business formerly run by PC Network.

In November 1987, D.I. informed Illinois Bell that it had taken over PC Network's business and expressed its desire to retain the telephone numbers previously used by PC Network. Illinois Bell told D.I. that in order to use the telephone numbers employed by PC Network, D.I. would have to assume responsibility for all outstanding charges on PC Network's accounts. Illinois Bell stated to D.I. that if it did not wish to incur liability for PC Network's accounts, it could open new telephone accounts with Illinois Bell. In that case, Illinois Bell would terminate its service to the existing telephone numbers and assign new telephone numbers to D.I.

D.I. was dissatisfied with the options it received from Illinois Bell. Naturally, D.I. did not want to incur the liabilities associated with PC Network's accounts. However, because a substantial amount of the business derives from catalogue sales placed by phone, and because large sums of money had been spent advertising PC Network's telephone numbers, D.I. desired to use the same phone numbers which PC Network had employed. Therefore, D.I. instituted this adversary proceeding in the bankruptcy court which had ordered the sale of PC Network to D.I. In its adversary complaint, D.I. asked the bankruptcy court to preliminarily and permanently enjoin Illinois Bell from requiring payment of PC Network's prebankruptcy debt as a condition to D.I.'s use of the telephone numbers formerly used by PC Network. D.I. claimed that under the purchase agreement approved by the bankruptcy court, it had a right to use those numbers without incurring liability for PC Network's outstanding debt on its accounts.

Illinois Bell moved to dismiss the adversary complaint on two grounds. First, Illinois Bell claimed that the bankruptcy court lacked jurisdiction to determine the respective rights of D.I. and Illinois Bell to the telephone numbers at issue. Illinois Bell asserted that PC Network never "owned" the phone numbers and, consequently, the phone numbers did not become part of the bankruptcy estate when PC Network filed for bankruptcy. Illinois Bell argued that since the dispute over the phone numbers constituted a mere disagreement between two "strangers" to the estate concerning property not part of the estate, the dispute was not a "core proceeding" or a "related" proceeding over which the bankruptcy court had jurisdiction.[3] Alternatively, Illinois Bell argued that even assuming the bankruptcy court had jurisdiction, D.I.'s adversary complaint failed to state a claim upon which relief could be granted. Illinois Bell contended that since PC Network never owned the phone numbers, the numbers could not have been sold to D.I. as part of PC Network's assets. Therefore, D.I. had no rights in the telephone numbers.

The bankruptcy court rejected these arguments. Relying on two cases which it found "strikingly similar" to the instant case, the court held that the telephone numbers were property of the estate over which it had summary jurisdiction. *In re Personal Computer Network, Inc.,* 85 B.R. 507 (Bankr.N.D.Ill.1988). The court then found that D.I. had acquired the right to use these phone numbers when it purchased PC Network's assets. Therefore, the court denied Illinois Bell's motion to dismiss and enjoined Illinois Bell from discontinuing service to the phone numbers based on D.I.'s failure to assume liability for PC Network's accounts.

the bankruptcy matter concerning Personal Computer Network, Inc.

**2.** The order listed certain exceptions to this provision, but those exceptions are inapplicable here.

**3.** Pursuant to 28 U.S.C. § 157, the bankruptcy court has jurisdiction over only "core proceedings" and proceedings "otherwise related to" a case under Title 11.

Illinois Bell sought leave to appeal the bankruptcy court's decision, but its motion was denied. *In re Personal Computer Network, Inc.*, 89 B.R. 17 (N.D.Ill.1988). Judge Hart found that the denial of Illinois Bell's motion to dismiss was a nonappealable interlocutory order. *Id.* at 18–19. Subsequently, D.I. moved for summary judgment. Relying on essentially "the same reasons [Illinois] Bell's motion to dismiss was denied," the bankruptcy court granted D.I.'s motion for summary judgment on October 12, 1988. Illinois Bell has now appealed that ruling. On appeal, Illinois Bell raises the same two arguments that it raised before the bankruptcy court in its motion to dismiss. Illinois Bell's position is that the bankruptcy court lacked jurisdiction to decide the issues raised in the adversary complaint and, even if the bankruptcy court had jurisdiction, the complaint fails to state a claim upon which relief can be granted.

## DISCUSSION

### I. *Bankruptcy Court Jurisdiction*

In concluding that it had jurisdiction over D.I.'s adversary complaint, the bankruptcy court relied on *In re Fontainebleau Hotel Corp.*, 508 F.2d 1056 (5th Cir.1975), and *In re Kassuba*, 396 F.Supp. 324 (N.D.Ill.1975). In both *Fontainebleau* and *Kassuba*, the debtor filed for reorganization and continued operating its business as a debtor-in-possession. In each case, the debtor, which owed unpaid telephone charges to its telephone company, was subsequently notified by the telephone company that it had two options concerning its future telephone service. As in the instant case, the telephone company informed its customer that it could either pay its outstanding prebankruptcy debt and continue with existing service or begin new service using new telephone numbers. *Fontainebleau*, 508 F.2d at 1058; *Kassuba*, 396 F.Supp. at 325. In both *Fontainebleau* and *Kassuba*, the bankruptcy court held that the debtor did not have to accept the telephone company's options. Each court enjoined the phone company from requiring the payment of prebankruptcy debt as a condition to continued service under the existing phone numbers. *Id.* The phone company in each case then appealed the bankruptcy court's order. Each phone company questioned whether the bankruptcy court had jurisdiction to enter such an order. *Id.*

In the *Fontainebleau* appeal, the Fifth Circuit found that the bankruptcy court had properly exercised jurisdiction. The court, citing *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 481, 60 S.Ct. 628, 629, 84 L.Ed. 876 (1940), stated:

> For the bankruptcy court to have summary jurisdiction, the debtor or his trustee must have possession, constructive or actual, of the property in question. He need not, however, have title to the property.

508 F.2d at 1058. The court then found that the debtor had possession of the phone numbers it was using at the time it filed its petition. The court reasoned that "(r)ight of use is surely the most important attribute of possession, and the [debtor] clearly had the right of use as to these phone numbers at the time the petition in bankruptcy was filed." *Id.* at 1059. Therefore, the court ruled that the bankruptcy court had summary jurisdiction over the phone numbers and had the power to issue the injunction. *Id.*

Similarly, in the *Kassuba* appeal, the district court found that the bankruptcy court had properly exercised summary jurisdiction over the phone numbers being used by the debtor at the time he filed for bankruptcy. Judge Will, relying on *Fontainebleau*, concluded that the phone numbers came within the bankruptcy court's jurisdiction by virtue of the debtor's possession of them. 396 F.Supp. at 326. The court therefore affirmed the bankruptcy court's decision ordering the telephone company to continue service to the debtor under the current phone numbers without requiring the debtor to pay its prebankruptcy telephone service debt. *Id.*

In the instant case, Illinois Bell has indicated to this court that it "does not disagree with the result[s] in either [*Fontain-*

*ebleau* or *Kassuba* ]." [4]  Brief for Appellant at 12.  However, Illinois Bell argues that these cases are distinguishable from the instant case.  Illinois Bell points out that in both *Fontainebleau* and *Kassuba,* jurisdiction over the telephone numbers was asserted on the basis of debtor's possession of the numbers.  In the instant adversary proceeding, the debtor—PC Network—no longer has possession of the phone numbers.  Therefore, Illinois Bell maintains that *Fontainebleau* and *Kassuba* do not support the exercise of jurisdiction over D.I.'s adversary complaint.  Illinois Bell further argues that since there was no other basis ·for jurisdiction, the bankruptcy court should not have heard D.I.'s adversary complaint.

■ Illinois Bell is correct in pointing out that *Fontainebleau* and *Kassuba* are distinguishable from the instant case because here, unlike in those cases, the debtor no longer possesses the phone numbers.  However, that distinction has no effect on the outcome of this case.  Illinois Bell has acknowledged that at the time PC Network's bankruptcy petition was filed, "[PC Network] had possession of the telephone numbers in question."  Brief for Appellant at 11.  Under *Fontainebleau* and *Kassuba,* PC Network's possession of the phone numbers gave the bankruptcy court summary jurisdiction over the phone numbers.  Exercising that jurisdiction, the bankruptcy court entered an order approving the sale of the phone numbers to D.I.  The bankruptcy court had the power to enter such an order pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(N), and 11 U.S.C. § 363(b), (f).  *See*

*also Thompson,* 309 U.S. at 481, 60 S.Ct. at 629–30.

Since the bankruptcy court had the jurisdiction and the power to authorize the transfer of the phone numbers to D.I., the court also had jurisdiction to hear D.I.'s adversary complaint.  Pursuant to the bankruptcy court's order approving the transfer, D.I. obtained the right to the phone numbers "free and clear of all liens, claims, interests and encumbrances."  D.I.'s complaint, which seeks to enjoin Illinois Bell from requiring D.I. to pay PC Network's prebankruptcy debt as a condition to using PC Network's phone numbers, merely seeks enforcement of the "free and clear" provision in the bankruptcy court's transfer order.  Undeniably, the bankruptcy court had jurisdiction to enforce its prior order.  *See* 11 U.S.C. § 105(a).  Consequently, the fact that PC Network no longer possesses the phone numbers is irrelevant.[5]  The bankruptcy court's jurisdiction over the adversary complaint flowed from the exercise of its summary jurisdiction over the phone numbers.  Therefore, the court rejects Illinois Bell's jurisdictional argument.

## II.  *Summary Judgment in Favor of D.I.*

Illinois· Bell also argues that even if the bankruptcy court had jurisdiction, the court erred in granting summary judgment to D.I. because D.I.'s complaint failed to state a claim upon which relief can be granted.  In support of this argument, Illinois Bell cites its tariffs, which provide that a telephone service customer such as D.I. has no

---

**4.**  Two older cases hold contrary to *Fontainebleau* and *Kassuba.*  In both *In re Best Re-Manufacturing Co.,* 453 F.2d 848 (9th Cir.1971) and *Slenderella Systems of Berkeley, Inc. v. Pacific Telephone & Telegraph Company,* 286 F.2d 488 (2d Cir.1961), the court held that the debtor did not have possession of phone numbers it was using at the time its bankruptcy petition was filed.  Therefore, each court affirmed the bankruptcy court's decision not to exercise summary jurisdiction over the phone numbers.  For the same reasons outlined in *Fontainebleau,* however, this court finds *Best* and *Slenderella* unpersuasive.  Moreover, other courts have sided with *Fontainebleau* and *Kassuba* in holding that the bankruptcy court has jurisdiction over the debtor's phone numbers.  *See In re Security*

*Investment Properties, Inc.,* 559 F.2d 1321, 1324 (5th Cir.1977); *In re Professional Sales Corp.,* 48 B.R. 651, 660 (N.D.Ill.1985); *In re Sheppard's Dental Centers, Inc.,* 65 B.R. 274, 278 (Bankr.S. D.Fla.1986); *In re Norman Industries, Inc.,* 1 Bankr. 162, 166 (Bankr.W.D.La.1979).

**5.**  Similarly, whether PC Network or D.I. ever "owned" the numbers is also irrelevant.  PC Network's possession of the numbers was sufficient to bring them into the debtor's bankruptcy estate and within the summary jurisdiction of the bankruptcy court.  Therefore, the court rejects Illinois Bell's argument that the bankruptcy court lacked jurisdiction because PC Network and D.I. never owned the phone numbers.

ownership rights in the phone numbers it uses. Illinois Bell argues that since D.I. does not own the phone numbers, there is no basis for its claim that it has a right to use those numbers without paying the price determined by Illinois Bell. Therefore, Illinois Bell argues, D.I.'s adversary complaint has no merit.

■ This argument fails because it assumes that D.I. must possess ownership rights in the phone numbers in order to have a meritorious action.[6] This assumption is incorrect. As discussed, in exercising its summary jurisdiction over the phone numbers, the bankruptcy court approved the transfer of rights in the phone numbers to D.I. "free and clear of all liens, claims, interests and encumbrances." While this provision may not have granted D.I. ownership of the numbers, it clearly transferred certain enforceable rights to D.I. Among those was the right to use the phone numbers without being forced to pay PC Network's prebankruptcy debt. Therefore, D.I. was entitled to judgment as a matter of law. The bankruptcy court properly granted summary judgment.

## CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is affirmed.

IT IS SO ORDERED.

---

6. The language in some cases may be construed as holding that a debtor has ownership rights in its phone numbers. *See, e.g., Fontainebleau,* 508 F.2d at 1059 ("telephone numbers are a valuable asset, just like the hotel's building or furniture"); *Security Investment Properties,* 559 F.2d at 1324 ("telephone numbers constitute a unique property interest"). *See also In re Professional Sales Corp.,* 48 B.R. at 660; *In re Sheppard's Dental Centers, Inc.,* 65 B.R. at 278; *In re Norman Industries, Inc.,* 1 B.R. at 166. In this case, however, it is unnecessary to reach that issue.